IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ELRODA SHAVAYA THOMPSON, | ) | |
|     Petitioner, | ) | Civil Action No. 7:22cv00288 |
| | ) | |
| v. | ) | |
| | **)** | |
| | ) | By: Elizabeth K. Dillon |
| J. C. STREEVAL, | ) | United States District Judge |
|     Respondent. | ) | |

**ORDER STAYING CASE**

Elroda Shavaya Thompson, a federal inmate proceeding *pro se*, filed this action as a petition for a writ of habeas corpus, pursuant to 28 U. S. C. § 2241. Respondent was ordered to respond but has moved to stay the case pending the Supreme Court's decision on a threshold legal question. (Dkt. No. 7.) For the reasons set forth below, the court concludes that the motion to stay should be granted.

In his petition, Thompson argues that, after his direct appeal and first 28 U.S.C. § 2255 motion, the Supreme Court issued its decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022). Under the reasoning of that decision, he claims that he could no longer be sentenced pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act. (*See generally* Pet., Dkt. No. 1.) Thompson seeks relief under the Fourth Circuit's decision in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), which sets forth this circuit's test to determine when 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of a sentence, entitling a federal defendant to file a § 2241 petition instead. *See* 28 U.S.C. § 2255(e) (allowing a habeas petition where the remedy of a § 2255 motion "is inadequate or ineffective to test the legality of his detention"). Respondent states that "[h]istorically, it has been the position of the Department of Justice that… *Wheeler* [was] wrongly decided." (Mot. Stay 1, Dkt. No. 7.)

On May 16, 2022, the Supreme Court granted a petition for writ of certiorari in *Jones v. Hendrix*, No. 21-857, from a decision of the Eighth Circuit. The Eighth Circuit decision addressed the scope of relief available under 28 U.S.C. § 2241 and § 2255(e). *Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021). The Eighth Circuit recognized the existing circuit split as to whether a change in case law that arguably renders a defendant's conduct non-criminal, combined with the successive motions bar in § 2255, renders § 2255's remedy inadequate or ineffective, thereby allowing a habeas petition under § 2241. *Id.* at 686. Joining the Tenth and Eleventh Circuits—and breaking with decisions of the Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, and D.C. Circuits—the Eighth Circuit concluded that such a scenario did not render § 2255 inadequate or ineffective. *Id.* at 687.

The court believes it likely that the Supreme Court's decision in *Jones* will resolve this circuit split or at least offer some guidance to the lower courts as to the appropriate scope of relief under § 2255(e) and § 2241. As such, the decision is likely to be relevant to the legal analysis necessary to decide this case.

Because the *Jones* case is likely to have a direct bearing on the proper legal analysis this court should employ in this case, the court finds that a stay would serve the interest of judicial efficiency and that a stay is otherwise appropriate. *Accord Spaulding v. Streeval*, No. 7:22-cv-118, (W.D. Va. June 29, 2022) (order staying § 2241 petition pending decision in *Jones v. Hendrix*); *Pryor v. Streeval*, No. 7:22-cv-193, 2022 WL 2110849 (W.D. Va. June 10, 2022) (same). It is therefore ORDERED that respondent's the motion to stay (Dkt. No. 7) is GRANTED, and this matter is STAYED pending a decision in *Jones v. Hendrix*, No. 21-857 (U.S.).

It is further ORDERED that respondent shall file a response to the petition not later than 30 days after the Supreme Court issues its decision in *Jones v. Hendrix*. Petitioner may file a reply not later than 30 days after the respondent's response is filed.

Entered: July 29, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge